**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0073n.06

No. 17-1426

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 13, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MICHAEL A. FARAONE, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| PATRICK J. HEATH; JULIE L. | ) | DISTRICT OF MICHIGAN |
| GOLDMAN; DAPHNE M. JOHNSON; | ) | |
| DENISE R. ALLSBERRY, in their | ) | **OPINION** |
| individual capacities, | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**BEFORE: NORRIS, ROGERS, and DONALD, Circuit Judges.**

**ALAN E. NORRIS, Circuit Judge.** Plaintiff Michael Faraone sued several employees of the Michigan Department of Corrections (MDOC) alleging First Amendment retaliation in violation of 42 U.S.C. § 1983. The district court granted summary judgment in favor of defendants. We affirm.

**I.**

The MDOC operates a Parole Violation Unit within the Office of Parole and Probation Services. Non-attorney MDOC employees represent the MDOC at administrative parole violation hearings, while parolees are represented by private attorneys appointed by the MDOC. Michael Faraone is a private attorney who had been appointed by MDOC to represent parolees since 2006. Beginning in February 2014, Cynthia VanLake began representing the MDOC in some of Faraone's cases. In May 2014, Faraone's wife and office manager, Bonnie Tracy, started

complaining to VanLake's MDOC supervisor, Noah Nagy. Tracy complained that VanLake was unprepared for cases, had asked for constant adjournments, and repeatedly had pushed Faraone to work beyond the six-hour maximum for which he was compensated. Following these complaints, Nagy appointed Faraone to fewer cases with VanLake.

In October 2014, Patrick Heath replaced Nagy as the Parole Violation Supervisor. Heath resumed assigning Faraone to cases with VanLake. On December 8, 2014, Tracy renewed her complaints about VanLake, this time to Heath. While some of Tracy's complaints could be read to be about VanLake's broader impact on the public and the MDOC parole hearing system generally, her focus was on how VanLake's conduct was impacting Faraone and their law practice.

In an email to Heath on January 14, 2015, Faraone directly complained about VanLake's work habits under his "First Amendment right to petition the government . . . for redress of a grievance." A couple days later, in another email to Heath, Faraone reiterated his constitutional "right to complain about the government he works for." Faraone and Heath had a meeting on January 22, 2015, during which Faraone told Heath he would "let the public know how you waste their money" and that he would "publicly expose how you operate and waste public money."

Heath reported Faraone's complaints to Heath's MDOC supervisor, Julie Goldman. In response, Goldman consulted with her supervisor, Denise Allsberry, and MDOC legal counsel, Daphne Johnson. After their conversations, MDOC decided to stop appointing Faraone to represent parolees. On February 5, 2015, Johnson sent Faraone a letter to that effect.

According to Johnson, Faraone was terminated because they were concerned about how his behavior was impacting the ability of MDOC to protect parolees' due-process rights and how

his behavior was impacting VanLake. Faraone filed this lawsuit against Heath, Goldman, Johnson, and Allsberry, in their individual capacities, alleging a single claim: First Amendment Retaliation in Violation of 42 U.S.C. § 1983. After discovery, defendants successfully moved for summary judgment. This appeal followed.

## II.

This court reviews the grant of summary judgment de novo while drawing all inferences in favor of the non-moving party. *Savage v. Fed. Express Corp.*, 856 F.3d 440, 446 (6th Cir. 2017). Summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The focus of the summary judgment inquiry is whether the party bearing the burden of proof has made a sufficient showing as to each essential element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

As an initial matter, the district court held that Faraone's case was limited to the single freedom of speech claim articulated in his complaint, while Faraone argues that the district court should have liberally construed his complaint to include claims under both the Speech and Petition Clauses of the First Amendment. Even under the most generous reading of Faraone's complaint, it fails to assert a Petition Clause claim. Faraone's original and amended complaints each allege only a single claim, and neither mentions the Petition Clause or even uses the word "petition." On the other hand, Faraone very clearly articulated his Speech Clause claim by stating that his actions were protected "under the First Amendment by speaking as a citizen" and that his

termination violated "well-established First Amendment rights by censoring speech." Accordingly, the district court appropriately restricted Faraone to his Speech Clause claim.

Turning to the merits of Faraone's speech claim, the district court held that Faraone's complaints about VanLake were not a matter of public concern and, therefore, did not rise to the level of protected conduct under the First Amendment. To establish a claim for First Amendment retaliation, Faraone must demonstrate that "(1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 255 (6th Cir. 2006) (citing *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc)). We determine whether speech is constitutionally protected by asking first if the speech relates to a matter of "public concern" and, if so, balancing whether "the employee's free speech interests outweigh the efficiency interests of the government as employer." *Id.* (quoting *Rose v. Stephens*, 291 F.3d 917, 920 (6th Cir. 2002)). We apply the same test to the independent contractor in this case.

Whether speech or conduct "addresses a matter of public concern must be determined by the content, form, and context of a given statement." *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). "Speech which can be 'fairly considered as relating to any matter of political, social, or other concern to the community' touches upon matters of public concern." *Bonnell v. Lorenzo*, 241 F.3d 800, 812 (6th Cir. 2001) (quoting *Connick*, 461 U.S. at 146). However, internal personnel disputes lodged with an employer typically do not relate to matters of public concern. *Rorrer v. City of Stow*, 743 F.3d 1025, 1047 (6th Cir. 2014) (citing *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 398 (2011)).

Faraone's complaints about VanLake are all typical of internal employment disputes and not matters of public concern. His reference to government waste does not change that characterization. Faraone's complaints were only lodged during times he was assigned to cases with VanLake. Further, the complaints by Faraone and Tracy overwhelmingly focused on how VanLake's conduct impacted their clients and their law practice, and the complaints were made only to VanLake's direct supervisors, Nagy and Heath.

Faraone offered no summary judgment evidence to support his claim that this was truly a matter of public concern. For example, Faraone argues that VanLake increased punishments for Faraone's parolee clients in retaliation for his complaints, and that her frequent adjournments denied parolees competent representation by pushing attorneys to work beyond the six-hour pay cap. But outside of these conclusory allegations, Faraone proffered no evidence in support of these claims. The district court properly held that Faraone's complaints about VanLake were not a matter of public concern and that he had not engaged in constitutionally protected speech.

In the absence of constitutionally protected speech, Faraone's retaliation claim fails.

## III.

The judgment of the district court is **affirmed**.